UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THANH CONG PHAN,<br><br>Defendant. | NO. CR18-0086RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION, GRANTING GOVERNMENT'S MOTION FOR ADDITIONAL TIME, AND AMENDING ORDER ON COMPETENCY AND DIRECTING RISK ASSESSMENT |

This matter comes before the Court on Defendant Thanh Cong Phan's Motion for Reconsideration of Order Directing Risk Assessment, Dkt. #87, and the Government's Motion for Additional Time for the Bureau of Prisons ("BOP") to complete the risk assessment pursuant to 18 U.S.C. § 4246, Dkt. #88. For the reasons set forth below, the Court DENIES Defendant's Motion for Reconsideration and GRANTS the Government's Motion for Additional Time to complete the Section 4246 risk assessment.

I.     BACKGROUND

On June 11, 2020, the Court held a final competency hearing and determined that Mr. Phan is not competent to proceed to trial nor can competency be restored in the foreseeable future. Accordingly, on June 15, 2020, the Court ordered the BOP to conduct a risk assessment pursuant

ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION, GRANTING GOVERNMENT'S MOTION
FOR ADDITIONAL TIME, AND AMENDING ORDER ON
COMPETENCY AND DIRECTING RISK ASSESSMENT - 1

to 18 U.S.C. § 4246. Dkt. #84. Pursuant to Section 4247(b), the Court ordered that the risk assessment be completed and a report filed with the Court no later than forty-five (45) days from entry of this Order unless the director of the facility conducting the examination presents good cause for a thirty (30) day extension.

On June 29, 2020, Defendant moved the Court to reconsider the deadlines it imposed in its June 15, 2020 order directing the risk assessment under Section 4246. Dkt. #87. On July 2, 2020, the Government moved the Court for additional time for the BOP at Federal Medical Center, Butner ("FMC Butner") to complete the Section 4246 evaluation of Mr. Phan. Dkt. #88.

## II.   DISCUSSION

### A. Legal Standards

"Motions for reconsideration are disfavored." Local CrR 12(b)(13). "The court will ordinarily deny such motions in the absence of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

Section 4246(a) provides as follows:

> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined.

ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION, GRANTING GOVERNMENT'S MOTION
FOR ADDITIONAL TIME, AND AMENDING ORDER ON
COMPETENCY AND DIRECTING RISK ASSESSMENT - 2

18 U.S.C. § 4246(a). Section 4246(a) also provides that "[t]he court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." *Id.*

Under Section 4246(b), prior to the date of a dangerousness hearing under Section 4246(a), a district court "may order that a psychiatric or psychological examination of the defendant be conducted." 18 U.S.C. § 4246(b). Section 4247(b) states that, for purposes of an examination ordered under Section 4246, the court may commit the person to be examined for a reasonable period not exceeding 45 days and for an additional 30 days upon a showing of good cause. 18 U.S.C. § 4247(b).

**B. Authority to Order Evaluation**

Defendant argues that the Court lacked authority to direct an evaluation pursuant to Section 4246(b) because, by his reading of Section 4246(a), an evaluation is only allowed after the FMC director has filed a certification with the clerk of the court in the district where the individual is confined. Dkt. #87 at 3 (citing 18 U.S.C. § 4246; *Weber v. U.S. Dist. Court for Cent. Dist. Of California*, 9 F.3d 76, 78–79 (9th Cir. 1993)). For that reason, Defendant argues, the Court "is not ordering the full examination contemplated by § 4246(b)" because that examination must be ordered by the U.S. District Court for the Eastern District of North Carolina, where Mr. Phan is confined. *Id.* As such, the Court's Order to conduct a "preliminary 'risk assessment'" is not the same as an evaluation under Section 4246(b) and is therefore not subject to the time limitations under Section 4247(b). *Id.* at 4.

ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION, GRANTING GOVERNMENT'S MOTION
FOR ADDITIONAL TIME, AND AMENDING ORDER ON
COMPETENCY AND DIRECTING RISK ASSESSMENT - 3

Defendant's reading of Section 4246(b) was considered and rejected by the Ninth Circuit in *United States v. Godinez-Ortiz*, 563 F.3d 1022 (9th Cir. 2009). In that case, the court held that Section 4246 "necessarily contemplates the temporary commitment of that person so that the director can conduct the evaluation necessary to make the certification decision." *Id.* at 1032. Such is the case here. Having determined at the final competency hearing on June 11, 2020 that Mr. Phan is not competent to proceed to trial nor can competency be restored in the foreseeable future, the Court ordered him committed to FMC Butner "to provide the director with an opportunity to consider whether to issue a dangerousness certificate pursuant to § 4246." *Id. Godinez-Ortiz* further established that "the duration of such commitments is controlled by 18 U.S.C. § 4247(b)." For this reason, the Court finds no error in its initial order applying the 45-day time period set forth under Section 4247(b).

The *Godinez-Ortiz* court likewise distinguished *Weber*, which Defendant relies upon here. *See* Dkt. #87 at 3. In *Weber*, the Ninth Circuit held that the district court was not authorized to order that defendant, who was hospitalized pursuant to Section 4244, be returned to the hospital for an evaluation under Section 4246 after the director certified he had recovered from his mental disease to such an extent that he was no longer in need of custody for treatment under Section 4244(d). *See Weber*, 9 F.3d at 78–79. Here, as in *Godinez-Ortiz*, the director has not issued any certification that he has recovered, and the Court has declared Mr. Phan incompetent to stand trial. *See Godinez-Ortiz*, 563 F.3d at 1031. For these reasons, the Court finds *Weber* inapposite.

Accordingly, Defendant has failed to show that the Court erred in ordering that the evaluation be completed and a report filed pursuant to the 45-day deadline set forth under Section 4247(b).

ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION, GRANTING GOVERNMENT'S MOTION
FOR ADDITIONAL TIME, AND AMENDING ORDER ON
COMPETENCY AND DIRECTING RISK ASSESSMENT - 4

### C. Good Cause for Extension of Time

The Court will now address the Government's motion requesting an additional 30 days for BOP to complete the evaluation. The Government has requested additional time due to modified operations at FMC Butner as a result of the COVID-19 pandemic, which limits access to inmates for in-person interviews and requires additional medical screenings before in-person meetings may occur. Dkt. #88 at 2. Defendant argues that Mr. Phan has been in the custody of FMC Butner "for almost two years," thereby undermining any argument from BOP that they require additional time to assess his risk pursuant to Section 4246(a). Dkt. #89 at 2. The Court disagrees. While Mr. Phan has been in custody of FMC Butner for purposes of competency restoration, the facility's review was limited to assessing his competency to stand trial—not future dangerousness for the purposes of civil commitment. The Court is persuaded by the Government's argument that these inquiries are distinct and that the dangerousness evaluation "is more involved than some other forms of evaluations." Dkt. #88 at 3. Indeed, the statutory scheme under Section 4247(b) contemplates a longer evaluation period than that required for competency. *See* 18 U.S.C. § 4247(b).

Accordingly, in light of the modified operations at FMC Butner created by the COVID-19 health crisis, the Court finds that BOP has established good cause to extend the evaluation period and will grant an additional 30 days from the date of the June 15, 2020 order to complete the evaluation.

### D. Amended Order Directing Section 4246 Risk Assessment

Finally, the Government requests that the Court amend its previous order directing a risk assessment under Section 4246 to include its finding at the June 11, 2020 competency hearing that

ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION, GRANTING GOVERNMENT'S MOTION
FOR ADDITIONAL TIME, AND AMENDING ORDER ON
COMPETENCY AND DIRECTING RISK ASSESSMENT - 5

Mr. Phan is not competent to proceed to trial and that competency is not restorable in the foreseeable future. Dkt. #88 at 4. The Court includes this finding as set forth below.

### III.   CONCLUSION

This Court, having previously held a competency hearing on June 11, 2020, finding that Mr. Phan is not competent to proceed to trial nor can competency be restorable in the foreseeable future, DENIES Defendant's Motion for Reconsideration, Dkt. #87, and GRANTS the Government's Motion for Additional Time, Dkt. #88.

IT IS HEREBY ORDERED that Defendant Thanh Cong Phan be committed to the custody of the Attorney General or a designated representative, pursuant to Title 18, United States Code, Section 4246, for the purpose of conducting a formal risk assessment to determine whether he is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

IT IS FURTHER ORDERED that pursuant to Title 18, United States Code, Section 4247(b), the examination shall be completed and a report filed with the Court no later than a total of seventy-five (75) days from entry of the initial Order dated June 15, 2020, Dkt. #84.

IT IS FURTHER ORDERED that the time between the date of entry of this Order and the date on which the Attorney General or a designated representative completes the risk assessment is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7). The Court finds that the ends of justice served by conducting the risk assessment outweigh the best interest of the public and the Defendant in a speedy trial.

IT IS FURTHER ORDERD that the United States District Court Clerk is directed to provide the United States Marshal's Service with a certified copy of this Order.

ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION, GRANTING GOVERNMENT'S MOTION
FOR ADDITIONAL TIME, AND AMENDING ORDER ON
COMPETENCY AND DIRECTING RISK ASSESSMENT - 6

DATED this 13th day of July, 2020.

_[signature]_
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION, GRANTING GOVERNMENT'S MOTION
FOR ADDITIONAL TIME, AND AMENDING ORDER ON
COMPETENCY AND DIRECTING RISK ASSESSMENT - 7